IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENNIE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 2662 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CHICAGO PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff alleges that defendant failed to promote her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

**Facts**

Defendant operates more than 400 parks and playlots in Chicago, which vary greatly in size, services offered and staffing levels. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 1.) Large parks are run by park supervisors who supervise: (1) attendants, who clean and maintain the park; (2) physical instructors, who teach and officiate team and individual sports and organize leagues and tournaments; (3) recreation leaders, who serve the same function as physical instructors but are usually part-time or seasonal employees; and (4) special recreation leaders, like artcraft instructors, who teach particular activities or serve particular populations. (*Id.* ¶¶ 4-7.) Smaller parks are run by playground

supervisors, often without any support staff. (*Id.* ¶ 8.)[1] Thus, playground supervisors are park supervisors, attendants, physical instructors and recreation leaders rolled into one. (*Id.*)

Since 1984, plaintiff has worked for defendant as an artcraft instructor, teaching sewing, tailoring and dressmaking to children and adults. (*Id.* ¶ 21.) Over the years, plaintiff has also been the director of numerous six-week, summer day camps, which required her to organize activities, games and field trips, and a senior citizen recreation leader, which required her to organize activities and events of interest to seniors. (*Id.*; Def.'s LR 56.1(a) Stmt., Ex. C, Miller Dep. at 69-76, 93-103.)

On October 10, 2006, defendant issued a job bid notice for a playground supervisor for Cooper Park. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 26.) After reviewing the applications, defendant determined that five applicants met the minimum qualifications: (1) Anniece Morgan, who was then thirty years old and working for defendant as a physical instructor; (2) Victor Winson, who was then thirty-four years old and working for defendant as a special recreation leader for people with disabilities; (3) Calvin Richardson, who was then thirty-five years old and working for defendant as a physical instructor; (4) Evelyn Henton, who was then fifty-one years old and working for defendant as an artcraft instructor; and (5) plaintiff, who was then sixty-two years old and working for defendant as an artcraft instructor. (*Id.* ¶¶ 29, 31-35; Def.'s LR 56.1(a) Stmt., Ex. B, Scaife Aff., Exs. 2-6, Candidate Resumes & Applications.) On December 13, 2006, Izetta Scaife and Alonzo Dunlap each interviewed and rated the candidates on a scale of 1 (low) to 5 (high). (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 30.) Subsequently, Scaife and Dunlap averaged their scores for each candidate, which yielded the following final scores: Morgan – 4.15, Winson – 3.45, Richardson –

---

[1] Plaintiff disputes the facts defendant asserts in this paragraph, but her response does not controvert their substance.

3.1, plaintiff – 2.65 and Henton – 2.45. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 31-35.) Defendant offered the job to Morgan, and she accepted it. (*Id.* ¶ 40.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff has made a prima facie case of discrimination by showing that she is in the protected age group, she applied and was qualified for the playground supervisor job and defendant gave the job to Morgan, who is substantially younger than plaintiff. *Schaffner v. Glencoe Park Dist.*, 256 F.3d 616, 620 (7th Cir. 2001); (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 29, 31, 40.) Defendant says it hired Morgan because her experience and skills were more suited to the playground supervisor position than plaintiff's. Specifically, defendant cites Morgan's experience as acting supervisor of Brainerd Park, a physical instructor, recreation leader and dance teacher. (Def.'s LR 56.1(a) Stmt. ¶ 38; *id.*, Ex. B, Scaife Aff., Ex. 2, Morgan Resume & Application; *id.*, Ex. A, Reierson Aff., Ex. 1, Physical Instructor Job Description.) Plaintiff says these reasons are pretextual because the record shows that she has more of the skills required of a playground supervisor than Morgan.

A playground supervisor:

> [T]each[es], coach[es], and lead[s] recreation, cultural and leisure activities. . . . Supervises staff responsible for cleaning and maintenance . . . . [and] is accountable for maintenance as well as general safety at playground or park locations. Initiates work order requests and emergency repairs as necessary. Maintains inventory of equipment and supplies [and] . . . . a variety of records covering course registration, fees collected on bank accounts, timekeeping/payroll, accidents and other routine reports. Schedules, organizes and oversees activities at various athletic meets, leagues and tournaments. Schedules and coordinates use of facility by community groups. Ensures that fields and other facilities are properly maintained.
>
> Works with community and advisory groups to determine recreation and leisure needs, interests and areas for improvement. Publicizes playground or park programs and events through a variety of sources. Recruits, screens and trains volunteers to assist in playground or park programs. Develops and enforces rules and regulations for safety of staff and patrons at playground or park facility.

(Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 26.) Viewed favorably to plaintiff, the record suggests that Morgan had experience as: (1) an acting park supervisor, which required her to be responsible for the programming and administration of the park, the condition of its fields and grounds and the supervision of its staff; (2) a physical instructor, which required her to plan a curriculum for sports and competitive athletics, instruct and supervise patrons in individual and team sports, officiate at athletic events and organize tournaments, leagues and competitions; (3) a recreation leader and day-camp director, which required her to organize a variety of activities for children in after-school programs and summer day camps; and (4) a dance and gymnastics instructor. (*Id.* ¶ 6.; Def.'s LR 56.1(a) Stmt., Ex. B, Scaife Aff., Ex. 2, Morgan Resume & Application; *id.*, Ex. A, Reierson Aff., Ex. 1, Physical Instructor Job Description.) The record shows that plaintiff had experience as: (1) an artcraft instructor, which required her to instruct children and adults in sewing, tailoring and other crafts and organize showcases or fashion shows of her students' finished projects; (2) a summer day camp director, which required that she plan crafts and other indoor activities for children and supervise recreation leaders who led outdoor activities; and (3) a recreation leader for senior

4

citizens, which required her to plan activities and events geared to the interests of seniors. (*Id.*, Ex. C, Miller Dep. 68-76, 93-103.) The record also shows that, in her park supervisor's absence, plaintiff occasionally submitted repair work orders, opened and closed the park and handled park records. (*Id.*) Plaintiff admits, however, that she has never: been an acting park or playground supervisor, had overall responsibility for the programming or administration of a park, supervised maintenance staff, been responsible for the condition of park facilities and grounds, coached or officiated any team or individual sport or organized athletic meets, leagues or tournaments. (*Id.* 80-100.) Thus, the record does not support the inference that plaintiff had more of the skills required of a playground supervisor than Morgan.[2]

Alternatively, plaintiff argues that pretext can be inferred from the fact that she and Henton, the only two candidates over forty, received the lowest final interview scores. (*See* Def.'s LR 56.1(a) ¶¶ 31-35.) However, standing alone, as it does here, such a correlation does not support an inference of discrimination. *Dietrrich v. Northwest Airlines, Inc.*, 168 F.3d 961, 966 (7th Cir. 1999) (rejecting plaintiff's argument that discrimination could be inferred from the fact that the youngest applicant received the highest score and the three oldest applicants received the lowest); *see Coleman v. Navistar Int'l Transp. Corp.*, No. 93 C 647, 1996 WL 426229, at *17 (N.D. Ill. July 26, 1996) ("[T]he fact that younger employees were retained while oldest employees were released does not, without more, establish pretext."). Thus, plaintiff has failed to raise a genuine issue for trial as to whether defendant's proffered reason for refusing to promote her to playground supervisor was a pretext for age discrimination.

---

[2]Clearly, plaintiff thinks defendant's assessment of her experience was wrong. The ADEA, however, provides redress for age discrimination, not "[m]isguided and unfair personnel assessments." *Robinson v. PPG Indus., Inc.*, 23 F.3d 1159, 1164 (7th Cir. 1994).

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to the ADEA claim plaintiff asserts against defendant, which is entitled to judgment as a matter of law. Thus, the Court grants defendant's motion for summary judgment [23] and terminates this case.

**SO ORDERED.**                                    **ENTERED: March 12, 2012**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**